UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 21-14011-CIV-CANNON/MAYNARD

JACK STONE, *et al.*,

    Plaintiffs,

v.

PETER EDWARD GERMANN, *et al.*,

    Defendant.
_____/

## REPORT AND RECOMMENDATION TO DISMISS CASE

**THIS CAUSE** is before the Court upon an Order of Referral to Magistrate Judge referring this case to the undersigned for an initial screening pursuant to 28 U.S.C. § 1915(e)(2). DE 15. For the reasons stated below, the undersigned respectfully recommends that the case be dismissed.

## BACKGROUND

This action was initiated on January 7, 2021, with the filing a pro se Complaint and a Motion to Proceed in District Court Without Prepaying Fees or Costs. DE 1, 3. The Complaint names Jack Stone, Miyuki Suzuki, and their minor child M.S.[1] as Plaintiffs, however the Court notes the Complaint is signed by only Plaintiff Stone.[2] *See* DE 1 at 22. Generally, the Complaint

---

[1] M.S. is listed in the caption of the Complaint, however M.S. is not subsequently listed under "Plaintiffs" in the section of the Complaint titled "Parties to the Complaint." *See* DE 1 at 1-2.

[2] In the Complaint, Plaintiff Stone alleges he has a juris doctorate and that he intended to take the Hawaii bar exam in February 2019 but was unable to. DE 1 at ¶¶ 4, 16, 147. He does not otherwise allege, however, that he is a licensed attorney. Because the Complaint contains no suggestion Plaintiff Stone is an attorney, he may not sign the Complaint and assert claims on behalf of other purported Plaintiffs. *Balis v. Martin*, No. 20-CV-00435, 2020 WL 3452613, at *1 (M.D. Fla. June 24, 2020). *See* Fed. R. Civ. P. 11(a)("Every pleading . . . must be signed . . . by a party personally if the party is unrepresented."); *see also Turner v. Cunningham*, No. 08-0249-WS-M, 2008 WL 2157113, at *1 n.2 (S.D. Ala. May 20, 2008) ("One [pro se] plaintiff cannot sign on behalf of the others, for the simple reason that a pro se plaintiff cannot represent other pro se plaintiffs in legal proceedings in federal docket.").

asserts various common law claims arising from the souring of familial relationships after Plaintiffs temporarily relocated from Japan to Miami, Florida in March 2018. *See generally id.* Plaintiffs allege they came to Florida so Plaintiff Stone could renovate a home owned by his mother and stepfather, Defendants Elizabeth and Peter Germann, who were to provide various financial compensation for the relocation and renovation work. *Id.* at ¶¶ 6-14. Plaintiffs continue that they were never ultimately compensated and instead the Germann Defendants schemed with Defendants Michael Stone, Sherry Stone, Teresa Georgilakis, and Angelo Georgilakis—Plaintiff Stone's brother, sisters, and brother-in-law, respectively—in the commission of various tortious acts against Plaintiffs. *See generally id.* In the fall of 2018, after the relationships between the parties completely collapsed, Plaintiffs returned to Japan where they currently reside. *Id.* at ¶¶ 1, 2, 121, 126. They now assert numerous common law claims related to their interactions with Defendants in 2018, including breach of contract, assault, battery, and unjust enrichment. *See generally id*. Plaintiffs have been granted leave to proceed *in forma pauperis*, DE 4, leading the Court to now screen Plaintiff's Complaint pursuant to 28 U.S.C. § 1915(e)(2).

## **DISCUSSION**

Upon a plaintiff's submission of an affidavit of indigency in support of a motion to proceed without payment of the filing fee, a district court may screen the complaint pursuant to 28 U.S.C. § 1915(e)(2)(B). A court must "dismiss the case at any time if the court determines that . . . the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim upon which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

Additionally, under Federal Rule of Civil Procedure 12(h)(3), a district court may act at any time, upon motion or sua sponte, to address the potential lack of subject matter jurisdiction in

a case. *Herskowitz v. Reid*, 187 F. App'x 911, 912-13 (11th Cir. 2006). "If the court determines . . . that it lacks subject-matter jurisdiction, the court <u>must dismiss</u> the action." Fed. R. Civ. P. 12(h)(3) (emphasis added).  Without subject matter jurisdiction, the court is powerless to continue. *See Wernick v. Mathews*, 524 F.2d 543, 545 (5th Cir. 1975) ("[W]e are not free to disregard the jurisdictional issue, for without jurisdiction we are powerless to consider the merits.");[3] *see also Ex parte McCardle*, 74 U.S. (7 Wall.) 506, 514, 19 L.Ed. 264 (1868) ("Without jurisdiction the court cannot proceed at all in any cause. Jurisdiction is power to declare the law, and when it ceases to exist, the only function remaining to the court is that of announcing the fact and dismissing the cause.").

"[T]he party invoking the court's jurisdiction bears the burden of proving, by a preponderance of the evidence, facts supporting the existence of federal jurisdiction." *McCormick v. Aderholt*, 293 F.3d 1254, 1257 (11th Cir. 2002).  Plaintiffs invoke this Court's jurisdiction pursuant to 28 U.S.C. § 1332(a)(3), which states "[t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . (3) citizens of different States and in which citizens or subjects of a foreign state are additional parties." DE 1 at 2.  Plaintiffs allege jurisdiction is proper because "Plaintiffs reside in Sendai, Japan [and] Defendants reside in Highlands County, Florida" and the amount in controversy is $207,847.94, not including punitive damages. *Id.* at 2, 4.

"Diversity jurisdiction requires complete diversity; every plaintiff must be diverse from every defendant." *Triggs v. John Crump Toyota, Inc.*, 154 F.3d 1284, 1287 (11th Cir. 1998). "Residence" allegations are not synonymous with "citizenship" for purposes of diversity

---

[3] Decisions of the former Fifth Circuit handed down on or before September 30, 1981 are binding upon this court. *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc).

jurisdiction. *Lees v. Onekama Marine, Inc.*, No. 11-14259-CIV, 2011 WL 13225169, at *1 (S.D. Fla. Nov. 28, 2011). Rather, citizenship is equivalent to domicile, which requires both physical presence in a state and an intention to remain there. *McCormick v. Aderholt*, 293 F.3d 1254, 1257-58 (11th Cir. 2002). Importantly, a United States citizen with no domicile in any state of the United States is "stateless" and cannot satisfy the complete diversity requirement. *King v. Cessna Aircraft Co.*, 505 F.3d 1160, 1170 (11th Cir. 2007). United States citizens who are domiciled abroad, for example, are citizens of no state; their "'stateless' status destroy[s] complete diversity under § 1332(a)(3), and [their] United States citizenship destroy[s] complete diversity under § 1332(a)(2)." *Newman–Green, Inc. v. Alfonzo–Larrain,* 490 U.S. 826, 829 (1989).

Here, Plaintiffs' allegations "destroy" complete diversity such that the Court does not have diversity jurisdiction over this case. As noted above, Plaintiffs allege they reside in Japan. DE 1 at 1, 2, ¶¶ 1-3. This residence, however, does not establish their citizenship for diversity purposes. *See Lees*, 2011 WL 13225169, at *1; *McCormick*, 293 F.3d at 1257-58. Plaintiffs Stone and M.S. are both alleged to be United States citizens living abroad in Japan. *Id.* at ¶¶ 1, 3. As United States citizens without a domicile in any state, they are "stateless" for the purposes of diversity jurisdiction and cannot satisfy the complete diversity requirement. *See King*, 505 F.3d at 1170; *see also Orchid Quay, LLC v. Suncor Bristol Bay, LLC*, 178 F. Supp. 3d 1300, 1306 (S.D. Fla. 2016). ("[A] party's citizenship for diversity purposes is determined at the time suit is filed, without regard to later changes in citizenship."). Therefore, the court lacks diversity jurisdiction over this case under 28 U.S.C. § 1332(a).

Plaintiffs fail to satisfy their burden of proving the existence of federal subject matter jurisdiction in this case. They fail to meet the requirements of diversity jurisdiction and no federal question is present on the face of the complaint. *See Kemp v. Int'l Bus. Machines Corp.*, 109 F.3d

708, 712 (11th Cir.1997) ("A case does not arise under federal law unless a federal question is presented on the face of the plaintiff's complaint."). Accordingly, the Court lacks subject matter jurisdiction over this case and is powerless to proceed. *See Bochese v. Town of Ponce Inlet*, 405 F.3d 964, 974–75 (11th Cir. 2005). In light of this, the undersigned recommends dismissal of this matter for lack of subject matter jurisdiction.

## **CONCLUSION**

Based on the foregoing, the undersigned respectfully RECOMMENDS that the case be DISMISSED for lack of subject matter jurisdiction.

The parties shall have fourteen (14) days from the date of this Report and Recommendation within which to file objections, if any, with the Honorable Aileen M. Cannon, the United States District Judge assigned to this case. Failure to file timely objections shall bar the parties from a de novo determination by the District Court of the issues covered in this Report and Recommendation and bar the parties from attacking on appeal the factual findings contained herein. *LoConte v. Dugger*, 847 F.2d 745, 749-50 (11th Cir. 1988), *cert. denie*d, 488 U.S. 958 (1988).

**DONE AND SUBMITTED** in Chambers at Fort Pierce, Florida, this 9th day of April, 2021.

                                          /s/ Shaniek Maynard
                                          SHANIEK M. MAYNARD
                                          UNITED STATES MAGISTRATE JUDGE