**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**FORT PIERCE DIVISION**

**CASE NO. 21-14011-CIV-CANNON/Maynard**

**JACK STONE, MIYUKI SUZUKI, and**
**M.S., a minor child,**

Plaintiffs,

v.

**PETER EDWARD GERMANN,**
**ELIZABETH HELEN GERMANN,**
**MICHAEL SCOTT STONE,**
**TERESA GEORGILAKIS,**
**ANGELO GEORGILAKIS, and**
**SHERRY STONE,**

Defendants.
_________________________________/

**ORDER ADOPTING REPORT AND RECOMMENDATIONS**

**THIS CAUSE** comes before the Court upon the Report and Recommendation of Magistrate Judge Shaniek M. Maynard ("Report") [ECF No. 20], entered on April 12, 2021. Plaintiffs Jack Stone, Miyuki Suzuki, and their minor child M.S. filed their *pro se* Complaint [ECF No. 1] on January 7, 2021. In the Report, Magistrate Judge Maynard recommends that Plaintiffs' Complaint be dismissed for lack of subject matter jurisdiction [ECF No. 20 p. 5]. Specifically, Magistrate Judge Maynard recommends that this case be dismissed because Plaintiffs, who currently reside in Japan, are "United States citizens without a domicile in any state," which renders them '"stateless' for the purposes of diversity jurisdiction and [incapable of] satisfy[ing] the complete diversity requirement" under 28 U.S.C. § 1332 [ECF No. 20. p. 4 (citing *Newman-Green, Inc. v. Alfonzo-Larrain*, 490 U.S. 826, 829 (1989); *King v. Cessna Aircraft Co.*,

505 F.3d 1160, 1170 (11th Cir. 2007) ("A United States citizen with no domicile in any state of this country is "stateless" and cannot satisfy the complete diversity requirement . . . ."))].

Plaintiff Jack Stone filed a timely Objection to Magistrate Judge Maynard's Report [ECF No. 21]. In his Objection, Plaintiff Jack Stone disagrees with what he describes as a "repugnant" statelessness conclusion by Magistrate Judge Maynard [ECF No. 21 p. 4]. But Plaintiff does not actually contest or otherwise present any evidence to dispute that his present status as a U.S. citizen who resides in a foreign country renders him "stateless" for the purposes of asserting diversity jurisdiction under 28 U.S.C. § 1332. Further, Plaintiff Jack Stone concedes that he is a U.S. citizen who has resided in Japan since May of 2007 [ECF No. 21 p. 2].

A district court may accept, reject, or modify a magistrate judge's report and recommendation. 28 U.S.C. § 636(b)(1). Those portions of the report and recommendation to which objection is made are accorded *de novo* review, if those objections "pinpoint the specific findings that the party disagrees with." *United States v. Schultz*, 565 F.3d 1353, 1360 (11th Cir. 2009); *see also* Fed. R. Civ. P. 72(b)(3). Any portions of the report and recommendation to which no specific objection is made are reviewed only for clear error. *Liberty Am. Ins. Grp., Inc. v. WestPoint Underwriters, LLC*, 199 F. Supp. 2d 1271, 1276 (M.D. Fla. 2001); *accord Macort v. Prem, Inc.*, 208 F. App'x 781, 784 (11th Cir. 2006).

The Court, having reviewed the Report, Plaintiff Jack Stone's Objection, the record, applicable law, and being in agreement with the recommendations of Magistrate Judge Maynard, hereby **ORDERS AND ADJUDGES** as follows:

1. Judge Maynard's Report and Recommendation [ECF No. 20] is **ADOPTED**.
2. Plaintiffs' Complaint [ECF No. 1] is **DISMISSED** for lack of subject matter

CASE NO. 21-14011-CIV-CANNON/Maynard

jurisdiction.

3. The Clerk of Court is directed to **CLOSE** this case. Any scheduled hearings are **CANCELED**, any pending motions are **DENIED AS MOOT**, and all deadlines are **TERMINATED**.

**DONE AND ORDERED** in Chambers at Fort Pierce, Florida, this 4th day of May 2021.

**AILEEN M. CANNON**
**UNITED STATES DISTRICT JUDGE**

cc: Jack Stone, Miyuki Suzuki, and M.S. (a minor child), *pro se*